UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRADFORD DAVID JENSEN, | ) |
| Petitioner, | ) |
| v. | ) No. 1:18-cv-00065-TWP-TAB |
| WARDEN, | ) |
| Respondent. | ) |

**Entry Granting Petition for Writ of Habeas Corpus**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by Petitioner Bradford Jensen ("Mr. Jensen"). Jensen challenges a prison disciplinary proceeding identified as No. CIC 17-05-117. For the reasons explained in this Entry, Mr. Jensen's habeas petition is **granted**.

    **A.**    **Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000). A violation of state law will not support the issuance of a writ of habeas corpus. *Holman v. Gilmore,* 126 F.3d 876, 884 (7th Cir. 1997).

## B. The Disciplinary Proceeding

On May 8, 2017, Investigator J. Poer wrote a Conduct Report charging Mr. Jensen with conspiracy/attempting to commit a violation of law – robbery (35-42-5-1). The Conduct Report states:

> On 5/8/17 I, Inv. J Poer, was reviewing a JPay message written by defendant Jensen, Bradford 893924 17A-4C. The J Pay message was sent by offender Jensen on 4/26/17 at 9:32 AM. In the message Jensen tell the customer "first things first is a burner and a few Mexicans that don't carry and ima get rich." Jensen also tell the customer to make a "list of the ppl who have did you wrong cuz ima get even with a few ppl upon my release so if you run across a nice burner grab it and put it up in the attic for me." In my experience as a Correctional Police Officer, I am confident that Jensen is asking the customer to locate a firearm that will be untraceable i.e. not registered to him or any of his associates. Jensen is also requesting that the customer select several people or "targets" for him to rob. Jensen want the targets to be ones that are not known to carry guns to make them easier targets. Jensen states he is planning to "get even" with people once he gets out and he plans to "get rich." Based upon the context of this email, I am confident that offender Jensen is asking the customer to locate a gun and hold it for him until his release. Then upon his release, Jensen plans to use that gun to rob people for the purposes of "getting rich" and "getting even." By making this request, offender Jensen is in violation of A111/100 Conspiring or Attempting to commit any Violation of Law (Robbery IC 35-42-5-1).

Dkt.10-1.

Attached to the conduct report were copies of the JPay email. Dkt. 10-2.

Mr. Jensen was notified of the charge on May 10, 2017, when he received the Screening Report. He pleaded not guilty to the charge, requested a lay advocate, did not request any witnesses, and did not request any physical evidence. Dkt. 10-3. Inmate Johnson was appointed as Mr. Jensen's lay advocate. Dkt. 10-5.

After a postponement, the disciplinary hearing was held on May 18, 2017. Mr. Jensen provided the following statement: "There is an IC Code attached that I feel I need to bring into evidence. Offender brought Robbery IC Code. What he read on the JPay is speculation and out of context."

Based on the staff reports, the offender's statement, and the paperwork, the hearing officer found Mr. Jensen guilty of conspiracy/attempting to commit a violation of law – robbery (35-42-5-1). The sanctions imposed included 92 days of earned credit-time deprivation and demotion in credit class from 1 to 2. Dkt. 10-6.

Mr. Jensen appealed to the Facility Head and his appeal was denied. Dkt. 10-8; dkt. 10-9. He appealed to the Indiana Department of Correction (IDOC) Final Reviewing Authority and his appeal was denied. Dkt. 10-10; dkt. 10-11. Mr. Jensen then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**C.     Analysis**

In his petition, Mr. Jensen raises five grounds which can be summarized as a challenge to the sufficiency of the evidence and a claim that his due process rights were violated. Specifically, Mr. Jensen argues that the charges do not support the finding that he violated state law, that he did not receive a copy of the report of disciplinary hearing until almost a month after the hearing occurred, and that he did not have an impartial hearing officer. Dkt. 1. The respondent argues that Mr. Jensen did not exhaust his administrative remedies with respect to his due process claims. However, because the Court finds that the evidence is insufficient to support the guilty finding, it will not reach the respondent's exhaustion argument.

<u>Sufficiency of the Evidence</u>

In reviewing the sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999); *Meeks v. McBride,* 81 F.3d 717, 720 (7th Cir. 1996). The "some evidence" standard of *Hill* is lenient,

"requiring only that the decision not be arbitrary or without support in the record." *McPherson,* 188 F.3d at 786.

Here, Mr. Jensen was found guilty of A100/111 conspiracy/attempting to commit a violation of law – robbery (35-42-5-1). The Disciplinary Code for Adult Offenders defines a Rule 100 violation of law as a "violation of any federal, state or local criminal law (must specify by name and criminal code number)." A Rule A111 violation is defined as "attempting or conspiring or aiding and abetting with another to commit any Class A offense." Mr. Jensen was charged with violating Ind. Code § 35-42-5-1 which states in relevant part:

> (a) a person who knowingly or intentionally takes property from another person or from the presence of another person:
>
> (1) by using or threatening the use of force on any person: or
>
> (2) by putting any person in fear:
>
> Commits robbery, a Level 5 felony. However, the offense is a Level 3 felony if it is committed while armed with a deadly weapon or results in bodily injury to any person other than a defendant, and a Level 2 felony if it results in serious bodily injury to any person other than a defendant.

The Disciplinary Code for Adult Offenders does not define "attempt" so the Court looks to Indiana's definition of attempt to guide its analysis.

Ind. Code § 35-41-5-1 defines attempt in relevant part:

> (a) A person attempts to commit a crime when, acting with the culpability requires for commission of the crime, the person engages in conduct that constitutes a substantial step toward commission of the crime.
>
> (b) It is no defense that, because of a misapprehension of the circumstances . . . it would have been impossible for the accused person to commit the crime attempted.

The respondent argues that Mr. Jensen took substantial steps by instructing the email recipient to obtain a gun and to select targets for him (Jensen) to rob. Dkt. 10, pp. 12-13. Under

Indiana law, to convict an individual of attempted robbery, the State must prove that the individual engaged in conduct that constituted a substantial step toward the knowing or intentional taking of property by using or threatening force or placing a person in fear. *Calvert v. State*, 930 N.E.2d 633, 639 (Ind. Ct. App. 2010) "The substantial step element of attempt requires proof of any overt act beyond mere preparation and in furtherance of the intent to commit the crime." *Id*., (quoting *Jackson v. State*, 683 N.E.2d 560, (Ind. 1996)).

Here, accepting Investigator Poer's interpretation of the email as accurate, Mr. Jensen's conduct as a whole did not go beyond mere preparation because he never took a substantial step to the knowing or intentional taking of property by force or by placing a person in fear. Mr. Jensen is not scheduled to be released until approximately until 2021. Arranging for an individual to hide a gun and select targets for him to rob in three years is, at best, mere preparation.

Even under the liberal standard of "some evidence," there was not sufficient evidence in the record to support the finding of guilt. Under these circumstances, Mr. Jensen's due process rights were violated in finding him guilty of a violation of A100/111 conspiracy/attempting to commit a violation of law – robbery (35-42-5-1). His petition for writ of habeas corpus must be **granted.**

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because there was insufficient evidence of Mr. Jensen's guilt, the disciplinary finding of guilt was arbitrary and that finding and the sanctions imposed must be **VACATED AND RESCINDED.** Accordingly, Mr. Jensen's petition for a writ of habeas corpus is **GRANTED**.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date: 8/16/2018

*[Signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

BRADFORD DAVID JENSEN
893924
PENDLETON - CIF
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064

David Corey
INDIANA ATTORNEY GENERAL
david.corey@atg.in.gov